IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSE MORALES,                              )
                        Plaintiff          )
                                           )
        vs.                                )        Civil Action No. 07-1527
                                           )        Judge Joy Flowers Conti/
DR. JEFFREY A. BEARD, D.O.C.               )        Magistrate Judge Amy Reynolds Hay
Secretary; DOCTOR B. JIN, Surgeon;         )
DOCTOR STANLEY FALOR, Medical              )
Doctor; DIANE MANSON, Medical              )
Administrator; SUPERINTENDENT LOUIS)
S. FOLINO,                                 )
                        Defendants         )

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that the Plaintiff's Emergency Injunction Motion, Dkt. [22], be denied.

### REPORT

Plaintiff, an inmate at S.C.I. Greene, has brought suit under 42 U.S.C. § 1983 for alleged

violations of his Eighth and Fourteenth Amendment rights in regard to his medical care and

treatment at the prison. Specifically, he alleges that the Defendants have been clearly indifferent

to the "tumor-like-bumps" he discovered on his testicles while at S.C.I.-Somerset and to his

complaints of pain in that area and bleeding during urination. See Complaint, Dkt. [4], Section

IV "Factual Allegations," § 9. On March 18, 2008, Defendants filed a Motion to Dismiss, Dkt.

[19], which is pending before the Court.

Most recently, Plaintiff has filed an "Emergency Injunction Motion," wherein he claims

that his health has deteriorated in the past four months and that he needs immediate attention. He

continues to claim, as he did in his Complaint, that he is experiencing pain in both testicle and

scrotum areas and that prison officials are deliberately delaying adequate medical care. He asks

the Court to order the Defendants to provide him with the necessary surgery and diagnoses for

his condition. The motion repeats, in large part, the allegations contained in his complaint.

In response to the Emergency Injunction Motion, the Defendants provided Plaintiff's recent medical records. A review of those records reveals the following pertinent information:

1. On February 11, 2008, Plaintiff complained to the nurse practitioner about pressure in his brain. On February 13, 2008, Plaintiff refused to be seen by Dr. Jin.

2. The next entry in his medical chart is dated May 28, 2008, at which time Plaintiff complained of dry skin. He did not appear at sick call that day due to non-compliance with sick call protocol.

3. On July 3, 2008, Plaintiff was seen by the nurse practitioner for complaints of dry skin, particularly in the chest area.

### *Legal Standard*

It is unclear from Plaintiff's pleading whether he is seeking a temporary restraining order or a preliminary injunction. In any event, because the standards for the grant of a preliminary injunction and a temporary restraining are the same, the Court's analysis of the instant pleading as a request for a preliminary injunction would also dispose of any request for a temporary restraining order. BABN Technologies Corp. v. Bruno, No. Civ.A. 98-3409, 1998 WL 720171, at *3 (E.D.Pa. Sept. 2, 1998) ("The standard for a temporary restraining order is the same as that for a preliminary injunction. (cit. omitted).").

The grant of injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)(internal citation omitted). The moving party "must demonstrate both a likelihood of success on the merits and the probability of irreparable harm if the relief is not

granted." <u>Morton v. Beyer</u>, 822 F.2d 364, 367 (3d Cir. 1987)(citations omitted).[1]  "[W]e cannot sustain a preliminary injunction ... where either or both of these prerequisites are absent."  <u>In re Arthur Treacher's Franchisee Litigation</u>, 689 F.2d 1137, 1143 (3d Cir. 1982).  "Whether plaintiff has demonstrated a [likelihood] of success on the merits does not require him to show that a final decision after trial is wholly without doubt; rather, plaintiff must garner a 'prima facie case of showing a reasonable probability.'"  <u>Wright v. Columbia University</u>, 520 F.Supp. 789, 793 (E.D.Pa. 1981) (<u>quoting</u> <u>Oburn v. Shapp</u>, 521 F.2d 142, 148 (3d Cir. 1975)).  Finally, it is Plaintiff's burden to show that the injunction is "the only way of protecting the plaintiff from harm."  <u>See</u> <u>Campbell Soup Co. v. ConAgra, Inc.</u>, 977 F.2d 86, 91 (3d Cir. 1992);  <u>Instant Air Freight Co.</u>, 882 F.2d 797, 801 (3d Cir. 1989)(citations omitted).

Here, Plaintiff has not met - - and, it would appear, cannot meet - - his burden to show a reasonable probability of success on the merits.  According to the medical records, which demonstrate those occasions when Plaintiff has presented for treatment and care, there is no indication that Plaintiff's health has deteriorated or that he is in need of immediate attention or surgery or diagnosis.  Indeed, his most recent complaints relate to a problem with dry skin and not, as Plaintiff suggests, complaints relating to any problem with his testicles or scrotum.  Thus, Plaintiff's Emergency Injunction Motion is properly denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections by July 28, 2008 and responses are due seven (7) days thereafter in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may

---

[1] As well, the Court "should take into account, when they are relevant, ... the possibility of harm to other interested persons from the grant or denial of the injunction, and ... the public interest."  <u>Instant Air Freight Co. v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 800 (3d Cir. 1989).

constitute waiver of any appellate rights.

Respectfully submitted,

/s/  Amy Reynolds Hay
United States Magistrate Judge

Dated:  9 July, 2008

cc:      Jose Morales
         DB-5001
         SCI Greene
         175 Progress Drive
         Waynesburg, PA 15370

         All counsel of record by Notice of Electronic Filing