IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE MORALES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1527 |
| | ) | Judge Joy Flowers Conti/ |
| DR. JEFFREY A. BEARD, D.O.C. | ) | Magistrate Judge Amy Reynolds Hay |
| Secretary; DOCTOR B. JIN, Surgeon; | ) | |
| DOCTOR STANLEY FALOR, Medical | ) | |
| Doctor; DIANE MANSON, Medical | ) | |
| Administrator; SUPERINTENDENT LOUIS | ) | |
| S. FOLINO, | ) | |
| | ) | |
| Defendants | ) | Re Dkt. Nos. [19] & [29] |

## REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss, Dkt. [19], filed by the DOC Defendants' be granted. It is further recommended that the Motion to Dismiss, Dkt. [29], filed by the Medical Defendants, be granted in part and denied in part. It should be granted as to all but one of the claims, i.e., it should be denied as to the deliberate indifference claim that the Medical Defendants failed to treat Plaintiff's pain.

II. **REPORT**

Jose Morales is a state prisoner, serving a life sentence for first degree murder. He has filed a civil rights action pro se. According to the complaint, he discovered "tumor-like-lumps" on his testicles while at SCI-Somerset. After being transferred to SCI-Greene, he reported to the staff at SCI-Greene the lumps as well as the fact that he was experiencing pain in that area and bleeding during urination. He signed up for sick call and was later seen by a physician's assistant

("PA"). The PA recommended Morales be examined by Dr. Jin. He was examined on January 20, 2006, by Dr. Jin and on March 16, 2006, by Dr. Falor.

Plaintiff alleges his "tumors" remained, causing great pain, while no medication was prescribed. He was diagnosed with having a small right epididymal cyst. He states he had a few ineffective and unprofessional medical tests. Morales also states defendants misdiagnosed his medical malady in order to avoid costs for surgery.

Plaintiff Morales commenced this action under 42 U.S.C. § 1983 for alleged violations of his Eighth and Fourteenth Amendment rights. He alleges that each defendant was deliberately indifferent to his medical concerns. He seeks an order transferring him to a suitable hospital temporarily, as well as monetary and punitive damages.

In the complaint, Plaintiff named the following defendants: Jeffrey Beard, DOC Secretary; Diane Manson, Medical Administrator at SCI-Greene; Louis Folino, Superintendent at SCI-Greene; (collectively "the DOC Defendants"), Dr. Stanley Falor, Medical Director at SCI-Greene and Dr. Jin, a physician at SCI-Greene (collectively, "the Medical Defendants").

The DOC Defendants filed, pursuant to Fed.R.Civ.P. 12(b)(6), a motion to dismiss for failure to state a claim upon which relief can be granted, Dkt. [19] and a brief in support, Dkt. [20]. Plaintiff filed a brief in opposition. Dkt. [25]. The Medical Defendants also filed a 12(b)(6) motion to dismiss, Dkt. [29], and a brief in support, Dkt. [30]. Plaintiff filed a brief in opposition. Dkt. [32].

A.  **Standard of Review**

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6)

if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).[1] Under this standard, the Court must, as a general rule, accept as true all factual allegations of the Complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001). Nor must the Court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition to the complaint, courts may consider under Fed.R.Civ.P. 12(b)(6), matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). In addition, the Court of Appeals in Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), held that a "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"

---

[1] Although the Medical Defendants utilized the Conley standard in their motion to dismiss, Dkt. [30] at 2, we must reject that standard as Twombly abrogated the Conley standard.

3

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

B.  Discussion

1. DOC Defendants

As the DOC Defendants point out, Plaintiff seeks to render them liable for actions taken by them in the grievance process in response to Plaintiff's grievances and appeals of grievances. See, e.g., Dkt. [4] (the complaint) at 12 ("The Actions of Defendant (Beard['s]) Office in the denial of Plaintiff's appellate grievances and acting with Deliberate Indifference to Plaintiff's medical concerns . . . subject Plaintiff to cruel and unusual punishment"); id., at 13 ("The Actions of Defendant (Ms. Manson,) in the denial of Plaintiff's grievance and acting with deliberate indifference to Plaintiff's medical concerns . . ."); id., at 14 ("The actions of Defendant (Folino) in the denial of Plaintiff's First level appeal's [sic] from several grievances, by acting with deliberate indifference to Plaintiff's medical concerns . . . subject Plaintiff to cruel and unusual punishment, deny Plaintiff due process of law and equal protection. . . ."). However, such actions are insufficient as a matter of law to establish their liability.

4

The rule is that "[t]he failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation." Rauso v. Vaughn, No. CIV. A. 96-6977, 2000 WL 873285, at *16 (E.D.Pa., June 26, 2000). See also Overholt v. Unibase Data Entry, Inc., 221 F.3d 1335 (Table), 2000 WL 799760, at *3 (6th Cir. 2000) ("The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure. Hence, his allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation.") (citations omitted); Mitchell v. Keane, 974 F.Supp. 332, 343 (S.D.N.Y. 1997) ("it appears from the submissions before the court that Mitchell filed grievances, had them referred to a prison official, and received a letter reporting that there was no evidence to substantiate his complaints. Mitchell's dissatisfaction with this response does not constitute a cause of action."), aff'd, 175 F.3d 1008 (2d Cir. 1999) ; Caldwell v. Hall, NO. CIV.A. 97-8069, 2000 WL 343229, at *2 (E.D.Pa. March 31, 2000)("The failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation."); Orrs v. Corns, No. CIV.A. 92-6442, 1993 WL 418361, at *2 (E.D.Pa. Oct. 13, 1993)("But an allegation that a defendant failed to act on a grievance or complaint does not state a Section 1983 claim."); Croom v. Wagner, Civ. A. No. 06-1431, 2006 WL 2619794, at *4 (E.D.Pa. Sept. 11, 2006)("Furthermore, neither the filing of a grievance nor an appeal of a grievance to Warden Wagner is sufficient to impose knowledge of any wrongdoing."); Jefferson v. Wolfe, NO. CIV A. 04-44, 2006 WL 1947721, at *17 (W.D.Pa. July 11, 2006)("These allegations [of denying grievances or grievance appeals] are insufficient to establish such Defendants' personal involvement in the challenged conduct under Section 1983. *See Watkins v. Horn*, 1997 WL 566080 at * 4 (E.D.Pa. 1997) (concurrence in an administrative

appeal process is not sufficient to establish personal involvement)").

Plaintiff does not argue that he is not seeking to render the DOC defendants liable for the actions taken by them in the grievance process. In fact, in his brief opposing the DOC Defendants' motion, he appears to confirm that he bases liability against the DOC defendants on their roles in the grievance system. See Dkt. [25] at 11, ¶ 10 ("DEFENDANT (3.) MR. LOUIS FOLINO, SUPERINTENDENT AND FACILITY MANAGER, . . . LEGALLY RESPONSIBLE FOR THE WELFARE OF INMATES, OVERALL OPERATIONS OF THE PRISON, ALSO REVIEW[s] AND RESOLUTION [sic] OF PLAINTIFF(S) GRIEVANCE APPEALS"); id., at 4, ¶ 11 ("DEFENDANT JEFFREY A. BEARD . . . IS LEGALLY RESPONSIBLE FOR THE WELFARE OF PRISONERS IN STATE CORRECTIONS SYSTEM. . . . HE IS CHARGED WITH ENSURING ENFORCEMENT OF POLICY INCLUDING COMPLAINTS AT GRIEVANCE AND APPEALS RESOLUTION AT ALL CORRECTIONAL FACILITY [sic] INCLUDING THE FACILITY WHERE THE PLAINTIFF(S) [sic] ARE CONFINED")(internal parentheses omitted). Hence, it is clear from the complaint and Plaintiff's arguments that he seeks to hold the DOC defendants liable for their roles in the grievance process and, as such, the complaint fails to state a claim upon which relief can be granted. Accordingly, the deliberate indifference claims against the DOC Defendants should be dismissed.

In the alternative, because Plaintiff was seen and treated by physicians, his complaint that the DOC officials did not directly intervene in the allegedly inadequate treatment fails to state a claim because such allegations fail to evince the requisite mindset necessary to establish deliberate indifference.

Plaintiff is alleging an Eighth Amendment[2] claim against the DOC Defendants. The Supreme Court has explained that analysis of a violation of the Eighth Amendment involves a two pronged inquiry: (1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and (2) a "subjective inquiry" into the mind of the person inflicting the harm. Wilson v. Seiter, 501 U.S. 294 (1991). Accord Sims v. Artuz, 230 F.3d 14, 21 (2d Cir. 2000)("A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components–one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect."). In the medical treatment context, the Supreme Court has held that the subjective component of an Eighth Amendment claim requires "deliberate indifference." The Court explained "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (internal quotations omitted).

---

[2] Plaintiff also invoked the Fourteenth Amendment. The Court understands Plaintiff's invocation of the Fourteenth Amendment merely to be a shorthand way of saying that he is making a claim of a violation of the Eighth Amendment standards as these are incorporated against the states via the substantive due process provision of the Fourteenth Amendment. This is because technically, the Eighth Amendment applies to the states through the Fourteenth Amendment. See Estelle v. Gamble, 429 U.S. 97, 101-02 (1976) (citing Robinson v. California, 370 U.S. 660 (1962)). The standards of the Eighth Amendment barring the federal government from inflicting cruel and unusual punishments are the standards applicable to the States through incorporation by the Fourteenth Amendment's due process clause. See Sistrunk v. Lyons, 646 F.2d 64, 66-67 (3d Cir. 1981)(citing Robinson v. California). The standards under the Eighth Amendment and the standards under the Fourteenth Amendment are fundamentally identical. Furman v. Georgia, 408 U.S. 238, 422 n.4 (1972)(Blackmun, J., dissenting) ("the tests for applying these two provisions are fundamentally identical."). In the discussion, the court simply refers to the Eighth Amendment for simplicity's sake. To the extent that Plaintiff seeks to have this court apply the more amorphous "shock the conscience" or similar standard under the Fourteenth Amendment's substantive due process clause as opposed to the Eighth Amendment standards of deliberate indifference, we may not do so. Albright v. Oliver, 510 U.S. 266 (1994)(plurality); Graham v. Connor, 490 U.S. 386, 395 (1989); County of Sacramento v. Lewis, 523 U.S. 833 (1998). To the extent that Plaintiff is attempting to mount a procedural due process claim under the Fourteenth Amendment, the complaint fails to reveal the deprivation of any liberty or property interest.

The Court has held that "deliberate indifference" occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). As a corollary of the deliberate indifference standard, mere negligence by staff at the prison, medical personnel and physicians in treating prisoners is not sufficient to state an Eighth Amendment violation. Estelle, 429 U.S. at 105-06. The Supreme Court has held that

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id.

Instantly, the complaint alleges that Plaintiff was seen by physicians who ordered tests but that they improperly diagnosed him and they failed to adequately treat him. Plaintiff complains that the DOC Defendants failed to do anything about this state of affairs. However, the DOC defendants, none of whom are physicians, must rely on the medical experts to diagnose and treat prisoners. The general rule is that where a prisoner is being treated by medical personnel, non-physician prison officials cannot be deliberately indifferent for failing to intervene in the medical treatment. See, e.g., Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) ("The only allegation against either of these two [prison official] defendants was that they

8

failed to respond to letters Durmer sent to them explaining his predicament. Neither of these defendants, however, is a physician, and neither can be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.")(footnoted omitted); Thomas v. Zinkel, 155 F.Supp.2d 408, 413 (E.D. Pa. 2001)("Prison authorities who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. Similarly, health care administrators cannot be found deliberately indifferent when an inmate is receiving care from a doctor.")(internal citations and quotations omitted). This rule makes sense because a non-physician layperson cannot be deliberately indifferent to a prisoner's medical needs when he knows that the prisoner is being seen by and treated by physicians, notwithstanding the prisoner's complaints about the physician's treatments and/or alleged mis-diagnosis because a non-physician layperson has no expertise whereby to judge the adequacy *vel non* of a physician's treatment. While the DOC Defendants may have known of Plaintiff's complaints about his treatment, the DOC Defendants had no expertise by which to question the medical determination of the Medical Defendants that Plaintiff did not have cancer but merely an epididymal cyst. Plaintiff's whole complaint is based on the allegation that the Medical Defendants mis-diagnosed Plaintiff and thereafter treated him improperly.

      The Court of Appeals did explain the above rule is not an absolute rule. In Spruill, the Court held that

> absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official like Gooler will not be chargeable with the Eighth Amendment scienter

requirement of deliberate indifference.

Spruill, 372 F.3d 218, 236 (3d Cir. 2004). Here, there is no allegation that the DOC Defendants had reason to believe or actual knowledge that the prison Doctors were mistreating Plaintiff (even though Plaintiff does assert that the Medical Defendants were, in fact, mistreating Plaintiff) other than the contentions about his treatment that Plaintiff made in his grievances/grievance appeals. However, the DOC defendants attached to their motion to dismiss, copies of the indisputably authentic documents of Plaintiff's grievances and grievance appeals and responses thereto. Those indisputably authentic documents establish that in response to Plaintiff's complaints, investigations were conducted, reviews of Plaintiff's medical charts were undertaken and those reviews established that Plaintiff **was** being treated by the prison doctors and that the DOC defendants had no reason to believe that Plaintiff was not being treated or was not being properly treated. See, e.g., Dkt. [20-4] at 11 ("I have reviewed your medical file. You have had a CT scan of the abdomen, CT scan of the pelvis, an IVP] of the kidneys, UA (urinalysis) cytology, ultrasound of the kidneys, and an ultrasound of the testicles. All of these tests were negative except for the finding of a small right epididymal cyst. Had there been cancer, it would have been seen in at least one if not several of the tests you had.")(response dated 7/12/07 before the initiation of these proceedings); Dkt. [20-3] at 11 ("I have reviewed your medical chart and interviewed the clinicians and noted the following: You have had tests called 'tumor markers' performed on 1-26-03. These included an AFO, CEA, and HCG. All the results were negative. You also had an ultrasound of the scrotum on 7-12-05. This showed a small epidermal [sic] cyst, no tumors or other abnormalities. You have been seen numerous times by different clinicians all with the same findings.")(response dated 11/29/06 prior to the initiation of the present

proceedings); Dkt. [20-2] at 9 (similar)(response dated 3/2/06, also before the initiation of these proceedings). In light of this, the DOC Defendants' motion to dismiss should be granted. That the DOC defendants chose to rely on the results of their investigations in response to the grievances and what Plaintiff's medical records revealed, instead of crediting Plaintiff's complaints in his grievances, simply does not evince the requisite mindset for deliberate indifference, in order to state a claim upon which relief can be granted.

### 2. Medical Defendants

The Medical Defendants have filed a motion to dismiss as well as a brief in response. Plaintiff has filed a brief in opposition. In light of the indisputably authentic documents attached to the DOC defendants' motion to dismiss, it would appear, as the Medical Defendants argue in their motion to dismiss, that the complaint fails to state a claim of deliberate indifference against them. The Medical Defendants point out that, at most, the complaint, when considered in light of the indisputably authentic documents, alleges medical negligence on their part which is not actionable under the Constitution and which fails to state a claim under Section 1983. The Court generally agrees.[3]

However, there is one allegation that Plaintiff repeatedly makes in both his complaint and in his response. Plaintiff repeatedly claims that the Medical Defendants are not treating his pain.

---

[3] There is one allegation that bears specific mention. Plaintiff alleges that the Medical Defendants "have deliberately misdiagnosed Plaintiff['s] medical malady in order to be exempt from treating the ailments(s) and so the Defendant(s) named herein cannot be subjected to medical cost for surgery." Dkt. [4] at 10, ¶ 16. In light of the indisputably authentic documents, which establish that lab tests were performed (apparently by outside lab testing facilities) and no cancer was found by these tests, Plaintiff's bald allegation that the Medical Defendants have deliberately misdiagnosed Plaintiff in order to save money, which is contradicted by the indisputably authentic documents, need not be credited for purposes of deciding this motion to dismiss. See, e.g., Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001).

See, e.g., Dkt. [4] at 3 ("Also the failure of [sic] medically treat Plaintiff for his ailments, his physical pain, is illegal in nature since it subjects him to cruel and unusual punishment.") ; id., at 3 to 4 ("By their failure to provide medication treatments is so clear . . . this is a denial of treatment since November 2005 that could eliminate pain and suffering at least temporary [sic]")(some internal quotes and parentheses omitted); id. , at 8 ("The whole point is that not [sic] medication treatment was prescribed what-so-ever for his physical pain until the present day"); Dkt. [32] at 7, ¶ C ("this Plaintiff is Only seeking medical Attention to his agonizing pain and discomfort. . . ."). Furthermore, there is nothing in the indisputably authentic documents attached to the DOC Defendants' motion to dismiss, upon which the Medical Defendants also rely, which contradicts Plaintiff's allegations of untreated pain. While there is something that suggests Plaintiff was not receiving a particular pain medication, see Dkt. [20-4] at 11 ("Motrin is contraindicated in your case. You have had hematuria (blood in the urine) in the past. Motrin increases the chance of bleeding."), there is nothing in the indisputably authentic documents attached to the DOC Defendants' motion to dismiss, that demonstrates that his complaints of pain were assessed and treated. Thus, Plaintiff's allegations of untreated pain are sufficient at this procedural juncture to state a claim upon which relief can be granted.[4] Hence, all deliberate indifference claims against the Medical Defendants should be dismissed except for the claim that they were deliberately indifferent to his pain by not treating it.

### 3. Equal Protection.

To the extent that Plaintiff attempts to make an equal protection claim, he fails. The

---

[4] Of course, this issue may be suitable for disposition on a motion for summary judgment, where medical records, affidavits and the like may properly be submitted for the Court's consideration. Defendants are certainly free to submit such a motion at any time.

Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. In order to state an equal protection claim, plaintiff must allege some minimum facts plausibly suggesting that: (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person. See Zahra v. Town of Southold, 48 F.3d 674, 683 (2d Cir. 1995). Instantly, Plaintiff has made no allegations that he was treated any differently from those who were similarly situated to himself. See Hedrich v. Board of Regents of University of Wisconsin System, 274 F.3d 1174, 1183 (7th Cir. 2001) ("In order to make out an equal protection claim, however, Hedrich had to present evidence that the defendants treated her differently from others who were similarly situated."). Because Plaintiff has failed to allege any facts showing disparate treatment against him in comparison with those similarly situated, any equal protection claim must be dismissed. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]").

### III. CONCLUSION

For the reasons set forth above, it is recommended that the DOC Defendants' Motion to dismiss be granted and that the Medical Defendants' Motion to Dismiss be granted in part and denied in part. The Medical Defendants' motion should be granted as to all claims against the Medical Defendants except it should be denied as to Plaintiff's deliberate indifference claim

based on failure to treat Plaintiff's pain.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
United States Magistrate Judge

Dated: 2 December, 2008

cc: The Honorable Joy Flowers Conti
United States District Judge

Jose Morales
DB- 5001
SCI - Greene
175 Progress Drive
Waynesburg, PA 15370

Counsel of Record by Notice of Electronic Filing