IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


JOSE MORALES,                              )
                                           )
                        Plaintiff          )
                                           )
        vs.                                )        Civil Action No. 07-1527
                                           )        Judge Joy Flowers Conti/
DR. JEFFREY A. BEARD, D.O.C.               )        Magistrate Judge Amy Reynolds Hay
Secretary; DOCTOR B. JIN, Surgeon;         )
DOCTOR STANLEY FALOR, Medical              )
Doctor; DIANE MANSON, Medical              )
Administrator; SUPERINTENDENT              )
LOUIS S. FOLINO,                           )
                                           )
                        Defendants         )        Re Dkt. Nos. [19] & [29]


MEMORANDUM ORDER


        The above-captioned prisoner civil rights action was brought by Jose Morales

("Plaintiff"), was received by the Clerk of Court on November 9, 2007, and was referred to

United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with

the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules

for Magistrate Judges.

        The magistrate judge's Report and Recommendation, Dkt. [43], filed on December 2,

2008, recommended that the motion to dismiss filed by defendants Dr. Jeffrey A. Beard, Diane

Manson and  Superintendent Louis B. Folino (the "DOC Defendants"), Dkt. [19], be granted *in*

*toto*, and that the motion to dismiss filed by Dr. G. Jin, and Dr. Stanley Falor (the "Medical

Defendants"), Dkt. [29],  be granted in part and denied in part.  The Report recommended

granting the Medical Defendants' motion to dismiss as to all claims *except* as to the Eighth

Amendment deliberate indifference claim that the Medical Defendants denied Plaintiff any

medication and/or treatment for his physical pain. After being granted an extension of time in

which to do so, Plaintiff filed objections. Dkt. [47]. The court will briefly address those

objections.

Plaintiff generally does not seem to object to most of the recommended disposition of his

claims. He does object, however, to the recommendation that his equal protection claim be

dismissed *in toto*. Plaintiff wrote:

> Plaintiff is no lawyer and is prone to a multitude of mistakes. Plaintiff
> respectfully request[s] that he be allowed to amend any deficiencies in his
> complaint, in regard to the improper representation of his equal protection claim,
> or allow him to proceed on the following showing of equal protection violation
> that is:
> The Medical Defendants in providing its professional services to Plaintiff and as
> described herein below violates the Fourteenth and Fifth Amendment to the
> United States Constitution . . . in that, the Medical Department was in a position
> to deprive, restrict and deny Plaintiff the proper medication to relieve his physical
> pain and discomfort while other prisoners have full access and recieve [sic]
> adequate "medication" treatment to manage their physical pain and discomfort.

Dkt. [47] at 2¶ (A)(I).

Because the Report recommended permitting the Eighth Amendment deliberate

indifference claim based upon the alleged denial of medication for Plaintiff's pain to proceed as

against the Medical Defendants and because Plaintiff has clarified in his objections that he was in

fact denied treatment in contrast to similarly situated prisoners (whereas, as noted by the Report,

he failed to make any such allegations in the complaint, Dkt. [43] at 13), the court finds that the

equal protection claim for being denied medication for pain while others were treated for their

pain may go forward as against the Medical Defendants. Given the Report's analysis based upon

Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993), and the facts, which is documented by the

indisputably authentic grievances, attached to the DOC Defendants' motion to dismiss, the court

concludes that any putative equal protection claim against the DOC Defendants based upon the

alleged denial of pain medication would fail to state a claim as against those defendants.  The

court finds that the operative complaint, Dkt. [4],  contains a claim of an equal protection

violation against only the Medical Defendants under the Fourteenth Amendment[1] for failure to

treat his pain and the parties should accordingly proceed.

     None of the other objections merits any discussion as the Report adequately and

appropriately addressed them.

     After *de novo* review of the pleadings and the documents in the case, together with the

Report and Recommendation and the objections, the following order is entered:

     AND NOW, this 6th day of March, 2009;

     IT IS HEREBY ORDERED that the DOC Defendants' motion to dismiss,

Dkt. [19], is GRANTED *in toto* and the DOC Defendants are dismissed as party defendants.[2]

     IT IS FURTHER ORDERED that the Medical Defendants' motion to

dismiss is GRANTED IN PART and DENIED IN PART; it is granted as to all claims except the

---

[1] To the extent that Plaintiff attempts to make out an equal protection claim under the Fifth Amendment, such a claim is dismissed for failure to state a claim upon which relief can be granted.  Plaintiff has no Fifth Amendment claim because the Fifth Amendment applies solely to federal government actors, not state government actors and all defendants herein are state actors. Under the circumstances, all Fifth Amendment claims must be dismissed. Fallbrook Irrigation Dist. v. Bradley, 164 U.S. 112, 158 (1896)("The fifth amendment, which provides, among other things, that such property shall not be taken for public use without just compensation, applies only to the federal government, as has many times been decided."); Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997)("The Fifth Amendment obviously does not apply here--the acts complained of were committed by state rather than federal officials.").

Eighth Amendment deliberate indifference claim and the Fourteenth Amendment Equal

Protection claim, both of which are based upon the Medical Defendants' alleged denial of

treatment for Plaintiff's pain.

IT IS FURTHER ORDERED that the Report and Recommendation,

Dkt.[43], filed on December 2, 2008, by Magistrate Judge Hay, is adopted as the opinion of the

court as supplemented by, and to the extent not inconsistent with, this memorandum order.


/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge




cc:    Honorable Amy Reynolds Hay
       United States Magistrate Judge

       Jose Morales
       DB-5001
       SCI Greene
       175 Progress Drive
       Waynesburg, PA 15370

       All Counsel of Record via CM-ECF