IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE MORALES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1527 |
| | ) | Judge Joy Flowers Conti/ |
| DR. JEFFREY A. BEARD, D.O.C. | ) | Magistrate Judge Amy Reynolds Hay |
| Secretary; DOCTOR B. JIN, Surgeon; | ) | |
| DOCTOR STANLEY FALOR, Medical | ) | |
| Doctor; DIANE MANSON, Medical | ) | |
| Administrator; SUPERINTENDENT LOUIS | ) | |
| S. FOLINO, | ) | |
| | ) | |
| Defendants | ) | Re: Dkt. Nos. [54], [58] & [62] |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the Medical Defendants' Motion for Summary Judgment, Dkt. [58], be granted, that Plaintiff's Motion for Summary Judgment, Dkt. [54], be denied and that Plaintiff's Motion to Withdraw the suit without prejudice, Dkt. [62], be denied.

**II.    REPORT**

This case has been the subject of prior proceedings in which all claims against all defendants were dismissed save those against Defendants Jin and Falor.  Dkt. Nos. [43] & [48]. Familiarity with those prior proceedings is presumed.  The sole remaining claims are an Eighth Amendment claim of deliberate indifference and an alleged Fourteenth Amendment denial of equal protection against Drs. Jin and Falor (collectively, "the Medical Defendants") , who are alleged to have failed to treat Plaintiff's complaints of pain from roughly November 2005 and thereafter.

Jose Morales ("Plaintiff") filed this civil rights action pro se, under 42 U.S.C. § 1983. According to the complaint, he discovered "tumor-like-lumps" on his testicles while at SCI-Somerset.  After being transferred to SCI-Greene, he reported the lumps to the staff at SCI-Greene, as well as the fact that he was experiencing pain in that area and bleeding during urination.  He signed up for sick call and was later seen by a physician's assistant ("PA").  The PA recommended Plaintiff be examined by Dr. Jin.  Dr. Jin examined Morales on January 20, 2006.  Dr. Falor examined Morales on March 16, 2006.

Plaintiff alleges his "tumors" remained, causing great pain, while no medication was prescribed.  He was diagnosed with having a small right epididymal cyst.  He states he had a few ineffective and unprofessional medical tests.  He also asserts the Medical Defendants misdiagnosed his malady in order to avoid costs for surgery.

Plaintiff has now filed a Motion for Summary Judgment, Dkt. [54], and a pretrial narrative statement, Dkt. [55].   The Medical Defendants filed a Motion for Summary Judgment, Dkt. [58], and a brief in support, Dkt. [59], and a concise statement of material facts, Dkt. [60].  The Court ordered Plaintiff to file a response.  Dkt. [61].  Rather than file a Response, Plaintiff filed a motion to withdraw the suit albeit without prejudice to refiling at his convenience.  Dkt. [62].   He contends that he wants to withdraw this suit in order to be able to obtain "new evidence" establishing the "confirmation of the existence of his tumor-like-lumps at his testicle(s)" and so that Plaintiff "would be able to begin this process [of suing the defendants] again."  Dkt. [62] at 1.  Plaintiff also wants to obtain a private doctor to be able to prove all of his

allegations.  Id.[1]  The Court deems Plaintiff's motion to be one made under Fed.R.Civ.P.

41(a)(2).[2]  However, because the only remaining claim in this suit is the one discrete claim that

the Medical Defendants failed to treat Plaintiff's claims of pain, which is a matter of relatively

easy proof factually, and unrelated for the most part to the reasons given by Plaintiff in the

motion to dismiss/withdraw, Plaintiff's motion to withdraw his suit without prejudice should be

denied in the exercise of the Court's discretion[3] and the Court should adjudicate the pending

motions for summary judgment.  To do otherwise would unfairly prejudice the Medical

Defendants, who have already expended much time and effort in discovery and filing their

motions for summary judgment and would permit an already stale claim to go forward in some

unknown future time on a matter that arose more than four years ago.  See, e.g., Seligman v.

Tenzer, 173 Fed.Appx. 280, 283 (4th Cir. 2006)("We next review the district court's decision to

deny Seligman's motion for voluntary dismissal of the action pursuant to Fed.R.Civ.P. 41(a)(2) or

a continuance pursuant to Fed.R.Civ.P. 7 under the abuse of discretion standard. Seligman filed

---

[1]  The Court notes Plaintiff has cited no authority for the Court to dismiss the case without prejudice to Plaintiff's refiling in some indefinite time in the future and permitting/requiring the statute of limitations to be tolled during that time and we have found none.

[2]  Rule 41(a)(2) provides in relevant part as follows:

> (2) **By Court Order; Effect**. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

[3]  Bridge Oil, Ltd. v. Green Pacific A/S, 321 Fed.Appx. 244, 244 (4th Cir. 2008)("'The primary force of [Rule] 41(a)(2) is to empower district courts to exercise discretion over voluntary dismissals,' *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007), and we review a district court's decision to grant a Rule 41(a)(2) motion accordingly, *see Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001) (noting that abuse of discretion standard of review applies).").

3

the motions for voluntary dismissal or a continuance after the close of discovery, after defendants had already filed their motion for summary judgment, and within three weeks of the scheduled trial date. Given the advanced stage of the proceedings, we perceive no error in the district court's decision to deny Seligman's efforts to prolong the litigation.")(citations omitted).[4]  In addition, Plaintiff appears to want to withdraw this suit so that at some point in the future he may sue all of the defendants again, not just the remaining Medical Defendants.   The motion should be denied.

_____

[4]  In the alternative, even if this Court were to liberally construe Plaintiff's motion to withdraw as a motion under Fed.R.Civ.P. 56(f), it would be denied.  The Court recognizes that it must give parties opposing summary judgment an adequate opportunity to obtain discovery, Dowling, v. City of Philadelphia, 855 F.2d 136, 139 (3d Cir 1988), and that it has discretion to "defer ruling on a summary judgment motion when a party opposing summary judgment files an affidavit indicating that it needs more discovery." Radich v. Goode, 886 F.2d 1391, 1393 (3d Cir. 1989).  Rule 56(f) of the Federal Rules of Civil Procedure provides:

> When affidavits are unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Compliance with this Rule is not optional:

> [R]ule 56(f) clearly requires that an affidavit be filed. The purpose of the affidavit is to ensure that the nonmoving party is invoking the protection of [the rule] in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition. An unsworn memorandum opposing a party's motion for summary judgment is not an affidavit.

Pastore v. Bell Telephone Co. of Pennsylvania, 24 F.3d 508, 510-11 (3d Cir. 1994) (internal citations omitted).  Plaintiff has not filed the required affidavit.  Dowling, 855 F.2d at 140 ("Dowling did not file a Rule 56(f) affidavit with her response to the City's motion for summary judgment, and therefore, as a procedural matter alone, she has failed to comply with the rule.").   Moreover, he filed this motion/request long after discovery had closed.  Furthermore, in his motion, Plaintiff failed to state what specific information he seeks (other than an outside doctor's expert opinion) and did not demonstrate how that information is critical to his ability to respond to the Defendants' Motion for Summary Judgment.  Further, the Court notes that Plaintiff has already framed and filed his own motion for summary judgment, replete with evidentiary support, which Plaintiff apparently deemed sufficient to entitle him to a grant of summary judgment.

4

**Standard of Review**

Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden to show or point out why there is no genuine issue of material fact. Walters ex rel. Walters v. General Motors Corp., 209 F.Supp.2d 481, 484 (W.D. Pa. 2002). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial* . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In reviewing the summary judgment evidence, the Court has no duty to search the record for triable issues; rather, it need rely only on those portions of the evidentiary record to which the nonmoving party directs its attention. See Guarino v. Brookfield Township Trustees, 980 F.2d 399, 403 (6th Cir. 1992).

An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 587. The inquiry involves determining whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990). If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50. Moreover,

it is not enough for the nonmovant to show that there is some dispute as to facts, rather, "only disputes over facts that might affect the outcome of the suit will prevent summary judgment." Anderson, 477 U.S. at 248.

In short, the summary judgment motion is an evidence testing device to see if there is sufficient evidence to support a party's position with respect to an issue for which that party bears the burden of proof at trial so as to justify holding a trial.  Albiero v. City of Kankakee, 246 F.3d 927, 933 (7th Cir. 2001)(summary judgment is the "moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.").

**Discussion**

Eighth Amendment

Plaintiff is alleging an Eighth Amendment claim against the Medical Defendants.  The Supreme Court has explained that analysis of a violation of the Eighth Amendment involves a two pronged inquiry: (1) an objective inquiry into the qualitative nature of the harm suffered by the victim of the alleged punishment and (2) a "subjective inquiry" into the mind of the person inflicting the harm.  Wilson v. Seiter, 501 U.S. 294 (1991).  Accord  Sims v. Artuz, 230 F.3d 14, 21 (2d Cir. 2000)("A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components–one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect.").  In the medical treatment context, the Supreme Court has held that the subjective component of an Eighth Amendment claim requires "deliberate indifference."  The Court explained "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." Estelle, 429 U.S. 97, 104 (1976)(internal quotations

omitted).  The Court has held that "deliberate indifference" occurs when a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The plaintiff bears the burden of proof as to both the subjective and objective prongs for, as the Court of Appeals has explained, in order to "survive a summary judgment on an Eighth Amendment claim asserted under 42 U.S.C. § 1983, a plaintiff is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).

As a corollary of the deliberate indifference standard, mere negligence by staff at the prison, medical personnel and physicians in treating prisoners is not sufficient to state an Eighth Amendment violation.  Estelle, 429 U.S. at 105-06.  The Supreme Court has held that

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id.

Instantly, the Medical Defendants have filed a motion for summary judgment supported by copies of Plaintiff's medical records.  These records show the Medical Defendants ordered extensive and repeated tests of Plaintiff's testicles, kidneys, abdomen, as well as consults with

outside experts, all in an effort to ascertain the cause of Plaintiff's symptoms. The tests include a scrotal ultrasound on July 12, 2005, lab work, blood work, including an urine analysis, that revealed hematuria or the microscopic presence of blood in the urine. In addition, Plaintiff underwent a urine cytology, an x-ray of Plaintiff's abdomen, an ultrasound of the kidneys, a consult with an outside urologist, a renal sonogram, an IVP[5] of his kidneys, as well as a CT scan of his abdomen and pelvis. Dkt. [60] at 3 to 7. Plaintiff was diagnosed early on with a small right epididymal cyst.[6]

Plaintiff's complaint here is that he was not treated with pain medication. We note that the records, pointed to by the Defendants, show Plaintiff specifically requested ibuprofen 400 mg. Dkt. [60-2] at 8 to 9 ("I'm specifically requesting medication pain killer (ibuprofen 400 mg.)"); Dkt. [60-2] at 13 ("I'm requesting the following medication. (Ibuprofen 400 mg - Please.)"). Mary Reese, a Registered Nurse and, at the time, the Corrections Health Care Administrator, responded to Plaintiff's request and noted that "Motrin [a brand name of Ibuprofen[7]] is contraindicated in your case. You have had hematuria (blood in the urine) in the

---

[5]  An IVP of the kidneys is "[a]n intravenous pyelogram (IVP) [which] is a type of x-ray examination specifically designed to study the kidneys, bladder, and ureters (the tubes which carry urine from the kidneys to the bladder)."

http://www.nlm.nih.gov/MEDLINEPLUS/ency/article/003782.htm

[6]  "Epididymal cysts are non-cancerous growths [on the epididymus or back of each testicle] that feel like small lumps."

http://dccps.nci.nih.gov/ACSRB/pubs/DES_Pubs/DES_Sons/possprobs.html

[7]  http://www.medicinenet.com/ibuprofen/article.htm

8

past.  Motrin increases the chance of bleeding.  I will have you evaluated the week of 7/15/07."

Dkt. [60-2] at 16.  Plaintiff, who is a lay person, contends that the statement by Nurse Reese is

"not true but just another excuse; in order to deny 'medication.'"  Dkt. [54] at 4 (16th line of

writing).  To the contrary, the Court notes that the statement "Motrin increases the chance of

bleeding" appears to be a medically sound statement.[8]

    The foregoing evidence adduced by the Medical Defendants was more than enough for

them to meet their initial summary judgment burden to show that there is no genuine issue of

material fact concerning Plaintiff's Eighth Amendment claim to show that they lacked the

deliberate indifference mindset as is required to make out an Eighth Amendment claim.

    Despite the Court's order directing Plaintiff to respond to the Defendants's Summary

Judgment motion, Plaintiff failed to do so.  For this reason alone, because the Medical

Defendants met their initial summary judgment burden, summary judgment should be entered in

favor of the Medical Defendants.  See, e.g., Maxwell v. Tele Tech Co., Inc., 47 F.3d 1165

(Table), 1995 WL 61318, at * (4th Cir. 1995) ("Because Maxwell failed to respond to Tele Tech's

motion for summary judgment and his pleadings alone are insufficient to create a material issue

of fact, Tele Tech is entitled to judgment as a matter of law."); American Civil Liberties Union of

Kentucky v. Mercer County, Kentucky, 240 F.Supp.2d 623, 625 (E.D.Ky., Jan. 22, 2003) ("The

---

[8]  "These findings implicate nonsteroidal anti-inflammatory drug use [which includes Ibuprofen or
Motrin]  as a potential cause of idiopathic hematuria."

    http://www.ncbi.nlm.nih.gov/pubmed/6737579

"Hematuria from the upper urinary tract may occur suddenly in patients with abnormal blood clotting
caused by a specific disease (e.g., hemophilia), or certain medications (e.g., anticoagulant drugs such as
aspirin, **ibuprofen**, heparin or coumadin)."

    http://www.urologyhealth.com/content/moreinfo/hematuria.pdf (emphasis added).

plaintiffs' failure to respond to the defendants' properly supported summary judgment motion with evidence and citations to the record is reason alone to grant the motion."), aff'd, 432 F.3d 624 (6th Cir. 2005); Brewer v. Purvis, 816 F.Supp. 1560, 1579 (M.D.Ga.1993) ("Summary judgment is appropriate since Plaintiff failed to respond to [defendant's] argument on this issue"), aff'd, 44 F.3d 1008 (11th Cir. 1995).

In the alternative, even if we were to consider Plaintiff's summary judgment motion as a response in opposition to the Medical Defendants' summary judgment motion, Plaintiff has failed to show a genuine issue of material fact.  He certainly has not produced evidence that the two Medical Defendants acted with the requisite mindset.  In fact, the Medical Defendants produced evidence that Plaintiff refused medical blood tests as well as digital rectal exams which the doctors deemed necessary.  Dkt. [60-3] at 28 to 33.  That the doctors allegedly failed to prescribe pain medication (including Motrin, which was contraindicated) is as easily explained by the fact that absent complete testing, including the digital rectal exam and bloodwork refused by Plaintiff, the provision of pain medication may have masked symptoms that could have been revealed by those tests and resulted in greater harm to Plaintiff if the cause of the pain were not discovered.  See, e.g., Dkt. [60-2] at 51 (in grievance response, Plaintiff was informed that "In order for you to receive 'necessary medications' you need to follow up in sick call.").  See also Salazar v. Collins, 992 F.2d 324 (Table), 1993 WL 152109, at *3  (5th Cir. 1993) ("The actions of the medical staff also do not demonstrate deliberate indifference. Salazar was examined three times on July 29, 1991. He was given analgesics only once, but Dr. Hurley testified at the hearing that pain medication is not indicated when appendicitis is suspected because it may mask the symptoms."); Perkins v. California Dept. of Corrections and Rehabilitation, No. CV 1-06-1177,

2009 WL 62132, at *1 (E.D.Cal. Jan. 8, 2009)("Defendant McGuinness did not prescribe pain medication because he did not want to mask the level of Plaintiff's pain.").  Plaintiff certainly has not established, as is his burden, that non-provision of pain medication under the circumstances presented was medically improper, and *a fortiori*, was deliberately indifferent to Plaintiff. Plaintiff provided no medical expert opinion, as suggested by the Defendants would be required in order to carry his burden at trial.  Dkt. [59] at 3 to 4. See also Aruanno v. Glazman, 316 Fed.Appx. 194, 195 (3d Cir. 2009) ("whether we view his claim as an Eighth Amendment claim based on the prohibition against cruel and unusual punishment, or as a substantive due process claim, Aruanno can not survive the defendants' motion for summary judgment absent expert testimony that would dispute the defendants' assertions that the treatment he received was medically necessary.").

As the Court in Aruanno explained:

> In *Boring v. Kozakiewicz*, 833 F.2d 468 (3d Cir.1987), we held that a prisoner's Eighth Amendment claim of deliberate indifference to a serious medical need requires expert testimony when the seriousness of injury or illness would not be apparent to a lay person. *Id*. at 473-74. In *Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002), we further highlighted the inherent challenges that arise from a litigant attempting to provide his/her own explanation of complicated medical symptoms, consequences, and treatment decisions. *Id*. at 504 (citing the differences between witness testimony about a broken leg or a bullet wound versus the effects of heart failure and HIV medication). Medical testimony is needed in such cases to assist the factfinder in understanding the case and assessing the quality of medical care received.

Id., at 195-96.

Similarly, here, medical expertise would be required to indicate that non-provision of pain medication was medically improper and thus permit the inference that such non provision was also deliberately indifferent.  As Plaintiff has failed to provide such expert medical opinion,

11

the Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim.

        Equal Protection

        In similar manner, as Defendants point out, Plaintiff has failed to adduce any evidence of a similarly situated inmate that was treated differently than Plaintiff was treated.  Hence, summary judgment should be granted to the Medical Defendants on Plaintiff's Equal Protection claim.  See  Hedrich v. Board of Regents of University of Wisconsin System, 274 F.3d 1174, 1183 (7th Cir. 2001) ("In order to make out an equal protection claim, however, Hedrich had to present evidence that the defendants treated her differently from others who were similarly situated.").

        In light of the foregoing, the Medical Defendants' Motion for Summary Judgment, Dkt. [58], should be granted, Plaintiff's Motion for Summary Judgment, Dkt. [54], should be denied and Plaintiff's Motion to Withdraw the suit without prejudice, Dkt. [62], should be denied.

        Pursuant to the Magistrate Judges Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report.  Failure to timely file objections may constitute a waiver of any appellate rights.  Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

                                Respectfully submitted,


                                /s/ Amy Reynolds Hay
                                Chief United States Magistrate Judge

Dated: 18 February, 2010

cc:    The Honorable Joy Flowers Conti
       United States District Judge

       Jose Morales
       DB- 5001
       SCI - Greene
       175 Progress Drive
       Waynesburg, PA 15370

       Counsel of Record by Notice of Electronic Filing